IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONITA WILLIAMS,<br>ADMINISTRATOR OF THE<br>ESTATE OF JOHN JERMILL<br>WILLIAMS, DECEASED<br>2010 N. 25th Street<br>Philadelphia, Pennsylvania 19121<br><br>        Plaintiff,<br><br>        v.<br><br>NOHEMI FARFAN<br>3120 Decker Drive #2003<br>Baytown, Texas 77520<br><br>  - and -<br><br>QUALITY LOGISTICS, INC.<br>d/b/a CT EXPRESS<br>34455 Almond Street<br>Wildomar, California 92595<br><br>        Defendants, | CIVIL ACTION<br>NO. 17-cv-6068 (PGS)(LHG)<br><br><br><br><u>JURY TRIAL DEMANDED</u> |

## **AMENDED COMPLAINT – MOTOR VEHICLE**

1. Federal jurisdiction in this action is predicated upon diversity of citizenship under statutory authority of 28 U.S.C. §1332. The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

2. Plaintiff, Bonita Williams is an individual citizen and resident of the Commonwealth of Pennsylvania, residing at 2010 North 25th Street, Philadelphia, Pennsylvania, 19121.

3. Plaintiff, Bonita Williams is the Administrator of the Estate of John Jermill Williams, deceased, having been so appointed by the Register of Wills of Henry County Probate

1

Court, in the State of Georgia, on July 17, 2017.  See Letters of Administration attached hereto as Exhibit "A."

4. Plaintiff's decedent, John Jermill Williams is the son of Bonita Williams.  John Jermill Williams was born December 8, 1986. At the time of his death, Mr. Williams was a resident and citizen of the State of Georgia, residing at 160 David Road, Hampton, Georgia, 30228.

5. At the time of his death, Plaintiff's decedent, John Jermill Williams, was unmarried and survived by one child, Aunyae Williams, a minor born on May 25, 2009.

6. Defendant, Nohemi Farfan is an adult individual and citizen of the State of Texas, residing at 3120 Decker Drive, #2003, Baytown, Texas 77520.

7. Defendant, Quality Logistics, Inc. d/b/a CT Express is believed to be a business corporation or other jural entity organized and existing under the laws of the State of California with a principal place of business at 34455 Almond Street, Wildomar, California 92595.

8. The motor vehicle accident that gives rise to this cause of action occurred in Middlesex County, New Jersey.

9. At all times material herein, Defendant Farfan maintained, controlled and/or operated the 2005 Volvo Tractor Trailer, Texas license plate #R139042, which was involved in the motor vehicle accident hereinafter described.

10. At all times material herein, Defendant Quality Logistics, Inc. d/b/a CT Express owned, leased, possessed, maintained, and/or controlled the aforesaid 2005 Volvo Tractor Trailer, Texas license plate #R139042, which was involved in the motor vehicle accident hereinafter described.

11. At all relevant times, Defendant Farfan was an employee, actual and/or apparent agent of Quality Logistics, Inc. d/b/a CT Express and acting within the course and scope of his employment and/or agency relationship with Defendant Quality Logistics, Inc. d/b/a CT Express.

12. On November 8, 2016, John Jermill Williams, deceased, was operating a 2016 Ford Transit Connect, owned by Budget Rent-A-Car of Atlanta, and travelling westbound on Raymond Road at the intersection with Route 1 North in Middlesex County, New Jersey.

13. On November 8, 2016, Defendant, Farfan was operating a 2005 Volvo Tractor Trailer northbound on Route 1 North near its intersection with Raymond Road when Defendant Farfan disregarded a red traffic signal, entered the intersection, and struck the vehicle operated by John Jermill Williams.

14. As a result of the negligence, carelessness, and recklessness of the Defendant, Plaintiff's decedent John Jermill Williams suffered severe and physical injuries resulting in death.

15. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, carelessness and recklessness of the Defendants and was due in no manner to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands compensatory damages against all Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

### COUNT I - NEGLIGENCE

### BONITA WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JOHN JERMILL WILLIAMS V. NOHEMI FARFAN

16. Plaintiff hereby incorporated by reference paragraphs 1 through 15 of the within Complaint as though the same were fully set forth at length herein.

17. The aforesaid motor vehicle accident was caused by the carelessness, negligence and recklessness of Defendant Farfan which consisted of one of more of the following:

(a) operating the aforesaid vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to stop at a red light traffic signal;

(c) failing to have the aforementioned motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(d) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was Plaintiff;

(e) failing to yield to a vehicle with the right of way;

(f) failing to maintain a proper lookout upon the roadway;

(g) failing to regard the point and position of other vehicles upon the roadway;

(h) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision;

(i) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(j) failing to take evasive action so as to avoid a collision;

(k) otherwise failing to exercise due and proper care under the circumstances; and

(l) violating various ordinances and statutes pertaining to the operation of motor vehicles including, but not limited, failing to stop at the red traffic signal.

WHEREFORE, Plaintiff demands compensatory damages against Defendant, Nohemi Farfan, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

## COUNT II – NEGLIGENCE

## BONITA WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JOHN JERMILL WILLIAMS V. QUALITY LOGISTICS, INC. D/B/A CT EXPRESS

18. Plaintiff hereby incorporated by reference paragraphs 1 through 17 of the within Complaint as though the same were fully set forth at length herein.

19. The aforesaid motor vehicle accident was caused by the carelessness, negligence and recklessness of Defendant, Quality Logistics, Inc. d/b/a CT Express, by and through its agents, which consisted of one or more of the following:

    (a)    operating the aforesaid vehicle at a high and excessive rate of speed under the circumstances;

    (b)    failing to stop at a red light traffic signal;

    (c)    failing to have the aforementioned motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

    (d)    operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was Plaintiff;

    (e)    failing to yield to a vehicle with the right of way;

    (f)    failing to maintain a proper lookout upon the roadway;

    (g)    failing to regard the point and position of other vehicles upon the roadway;

    (h)    failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision;

    (i)    operating a motor vehicle with disregard for the safety of persons upon the roadway;

    (j)    failing to take evasive action so as to avoid a collision;

    (k)    failing to properly vet applicants to ensure safe drivers;

    (l)    failing to hire safe drivers;

(m) failing to properly supervise drivers;

(n) failing to properly train drivers to ensure safe driving practices;

(o) failing to monitor drivers to ensure safe driving practices;

(p) otherwise failing to exercise due and proper care under the circumstances; and

(q) violating various ordinances and statutes pertaining to the operation of motor vehicles including, but not limited, failing to stop at the red traffic signal.

WHEREFORE, Plaintiff demands compensatory damages against Defendant, Quality Logistics, Inc. d/b/a CT Express in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH ACT

### Plaintiff v. All Defendants

20. Plaintiff hereby incorporated by reference paragraphs 1 through 19 of the within Complaint as though the same were fully set forth at length herein.

21. As a direct and proximate result of the negligent conduct of all Defendants, as set forth herein, John Jermill Williams died on November 8, 2016, after enduring excruciating pain and suffering.

22. As a result of the conduct of all Defendants, as set forth herein, Plaintiff's decedent was caused grave injuries and death resulting in the entitlement to all damages, including economic and non-economic damages, provided under the Wrongful Death Act, N.J.S.A. 2A:31-1 to N.J.S.A. 2A:31-6.

23. The beneficiary under the Wrongful Death Act is decedent's only child, minor Aunyae Williams, born on May 25, 2009.

WHEREFORE, Plaintiff, Bonita Williams, Administrator of the Estate of John Jermill Williams, deceased, demands all damages allowable under Wrongful Death Act against All Defendants, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## SECOND CAUSE OF ACTION - SURVIVAL ACT

### Plaintiff v. All Defendants

24. Plaintiff hereby incorporated by reference paragraphs 1 through 23 of the within Complaint as though the same were fully set forth at length herein.

25. Plaintiff, Bonita Williams, as Administrator of the Estate of John Jermill Williams, deceased, brings this action on behalf of the Estate of John Jermill Williams, deceased, pursuant to and by virtue of the Survival Act, N.J.S.A. 2A:15-3, and the decisional law interpreting said Act.

26. The person entitled to the Estate of John Jermill Williams is decedent's only child, minor Aunyae Williams, born on May 25, 2009.

WHEREFORE, Plaintiff, Bonita Williams, Administrator of the Estate of John Jermill Williams, deceased, demands all damages allowable under the Survival Act against All Defendants, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: _____
COLIN BURKE, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
*Attorneys for Plaintiff*

Dated: November 8, 2017

## CERTIFICATE OF SERVICE

I, Colin Burke, Esquire, hereby certify that on November 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this matter.

_____
COLIN BURKE, ESQUIRE
*Attorney for Plaintiff*

Dated: November 8, 2017